```
1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF MARYLAND
2

3    UNITED STATES OF AMERICA,          )
                                        )
4              Plaintiff,               )
          vs.                           )
5                                       ) CRIMINAL NO.: JKB-17-106
     MAURICE KILPATRICK WARD, JR.,      )
6                                       )
               Defendant.               )
7                                       )
     _____)
8

9                     Transcript of Proceedings
                Before the Honorable James K. Bredar
10                     Friday, July 21st, 2017
                        Baltimore, Maryland
11

12   For the Plaintiff:

13        Leo J. Wise, AUSA
          Derek E. Hines, AUSA
14

15   For the Defendant:

16        Paul Enzinna, Esquire

17

18   Also Present:  Nikki Martin, U.S. Probation

19

20

21

22

23   _____
                    Christine T. Asif, RPR, FCRR
24                  Federal Official Court Reporter
                   101 W. Lombard Street, 4th Floor
25                    Baltimore, Maryland 21201
```

```
 1                    P R O C E E D I N G S

 2              THE COURT:  Good afternoon.  Be seated, please.

 3              Mr. Wise, you may call the case.

 4              MR. WISE:  Thank you, Your Honor.  The case is

 5    United States of America versus Maurice Kilpatrick Ward,

 6    criminal number JKB-17-106.  And we're here this afternoon for

 7    re-arraignment on the indictment.

 8              THE COURT:  Thank you.  Mr. Enzinna.

 9              MR. ENZINNA:  Your Honor, Paul Enzinna for Maurice

10    Ward.

11              THE COURT:  Thank you.  And, sir, are you Maurice

12    Ward?

13              THE DEFENDANT:  Yes, sir.

14              THE COURT:  And Mr. Enzinna, if you and your client

15    would move up to the forward podium I would appreciate it.  A

16    multi-count indictment was returned against this defendant on

17    February 23rd of this year.  The defendant appear bed before a

18    magistrate judge of this court on March the 2nd, entered pleas

19    of not guilty.  It's my understanding today that the defendant

20    is here because he wishes to change his plea on Count 1 to

21    guilty.  Is that your understanding, Mr. Enzinna?

22              MR. ENZINNA:  Yes, it is, Your Honor.

23              THE COURT:  Mr. Ward, is that what you want to do?

24              THE DEFENDANT:  Yes, sir.

25              THE COURT:  Please swear the defendant.
```

```
1              THE CLERK:  Good afternoon, Mr. Ward.

2              (Defendant sworn.)

3              THE DEFENDANT:  Yes, ma'am.

4              THE CLERK:  Thank you.  Please state your full name

5       for the Court.

6              THE DEFENDANT:  Maurice Kilpatrick Ward, Jr.

7              THE CLERK:  Thank you.  You don't need to bend over.

8       That microphone will pick you up.

9              THE COURT:  When were you born.

10             THE COURT:  XX/XX/1980.

11             THE COURT:  And how old are you now?

12             THE DEFENDANT:  37.

13             THE COURT:  Have you received a copy of the

14      indictment that was returned against you?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Do you feel like you understand it?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  I want to review Count 1 in particular

19      with you because that's the count you tell me you want to

20      plead guilty to today; right?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  And do you have a copy in front?

23             MR. ENZINNA:  Yes, sir.

24             THE COURT:  All right.  Let's go over it together.

25      Charges you with racketeering conspiracy in violation of 18,
```

1    United States Code, Section 1962(d).  This is a very lengthy

2    count, many, many paragraphs.  It begins by describing the

3    enterprise that is at the center of this alleged criminal

4    scheme.  And that enterprise is the Baltimore Police

5    Department, which this indictment goes on to contend, at least

6    an element of, which was a criminal enterprise.

7         On page 2, the grand jury tells us the purpose of

8    the enterprise, the legitimate purpose of it, of course, is to

9    operate as a police department.  Do the things that police

10   departments are all expected to do; protect and preserve life,

11   protect property, serve the people of Baltimore.

12        On Page 3, begins a description of the defendant's

13   in this case.  An identification of them, including you

14   defined in paragraph 12, Detective Maurice Kilpatrick Ward

15   joined the BPD on October 8, 2003 and was assigned to the gun

16   task force that we're talking about here, on or about June

17   13th of 2016.

18        Page 4, the indictment tells us the purposes of the

19   defendants, which was various illegal things like enriching

20   themselves through illegal conduct, extortion, robbery, time

21   and attendance fraud.  And then formal charging language is

22   set out further down page 4, I'll read that for you word for

23   word.

24        It reads like this:  Beginning on a date unknown to

25   the grand jury, but at least by in or about 2015, through on

1     or about the date of this indictment, which of course is the

2     23rd of February of 2017, in the District of Maryland and

3     elsewhere, the defendants, and seven individuals are named

4     there, including you Maurice Kilpatrick Ward, being persons

5     employed by and associated with the BPD, an enterprise which

6     engaged in and the activities of which affected interstate and

7     foreign commerce, together with persons known and unknown to

8     the grand jury, did knowingly, intentionally, and unlawfully

9     combine, conspire, confederate and agree to violate Section

10    1962(c) of Title 18, United States Code, that is to conduct

11    and participate directly and indirectly in the conduct of the

12    enterprise's affairs through a pattern of racketeering

13    activity, consisting of multiple acts indictable under:  And

14    then three statutory schemes are set out.  The first is the

15    federal scheme prohibiting wire fraud.  The second is the

16    Maryland state code provisions prohibiting robbery.  And the

17    third is the Maryland state code prohibiting extortion by

18    state or local government officers.

19         The count goes on from there to describe in some

20    significant detail the alleged means and methods of the

21    conspiracy.  The things that different conspirators did to

22    accomplish specifically the criminal objectives that the group

23    had.

24         And then, finally, on page 6 we begin the most

25    lengthy section of the count, titled "Overt Acts."  And this

1    goes on for many paragraphs, detailing the grand jury's

2    accusations as to specific acts committed by members of the

3    conspiracy in furtherance of the conspiracy.

4              Overt acts charging Mr. Ward, Mr. Wise?

5              MR. WISE:  Overt Acts 24 through 27, which relate to

6    the robbery and extortion of a victim identified by the

7    initials M.M.  Overt Act 70, which relates to an overtime

8    submission that was false.  Overt Act 73, which also relates

9    to time and attendance fraud.  And then Overt Act 85 through

10   87, which relate to the robbery and extortion of a victim

11   identified by the initials S.S.

12             THE COURT:  So turning to Overt Act 24, there the

13   grand jury alleges that on or about June 24, 2016, Sergeant

14   Jenkins and Detectives Hendrix and Ward, acting in their

15   capacities as police officers entered a residence where M.M.

16   was staying with a SWAT team.  When SWAT left Jenkins Ward,

17   and Hendrix remained to execute a search warrant.  Jenkins

18   asked M.M. how much money he had in the house.  And M.M. told

19   him he had money in the upstairs bedroom.

20             Next Overt Act 25, M.M. then took Jenkins Ward, and

21   Hendrix to the upstairs bedroom, showed them a shoe box that

22   contained $10,000.  The officers then Sent M.M. downstairs and

23   remained in the room.

24             Overt Act 26, Jenkins, Ward and Hendrix stole

25   approximately $2,000 from the shoe box that contained $10,000.

1    They also stole $15,000 from a boot in the bedroom that also

2    contained approximately 50 grams of heroin, but left the

3    heroin.   27, Jenkins, Ward, and Hendrix did not submit the

4    $2,000 from the shoe box that they stole to BPD, and did not

5    submit the $15,000 that they stole from M.M.'s boot to BPD.

6          Overt act No. 70, Ward submitted an individual

7    overtime report for July 23, 2016, where he falsely claimed to

8    have worked on a, quote, mandatory 12-hour shift, close quote,

9    from 3:00 p.m. to 11:00 p.m., and then overtime from 11:16

10   p.m. to 3:15 a.m. on July 23rd, 2016.   Jenkins approved the

11   individual overtime report.   Ward was in, fact in the vicinity

12   of his home in Middle River, Maryland, outside of Baltimore

13   City, for the entire day of July 23, 2016.   Ward signed the

14   report under the affirmation that quote, "We certify that the

15   overtime hours reported herein are authorized were, in fact,

16   worked and are correct," close quote.

17         Overt act No. 73.   Hendrix, Taylor, and Ward went on

18   vacation in the Dominican Republic from August 5 to 9, 2016,

19   Hendrix, Taylor, and Ward failed to request time off for

20   vacation, and instead were paid for their assigned shift 8:00

21   a.m. to 4:00 p.m. on August 8 and 9, 2016.

22         85.   On or about September 7, 2016, Sergeant Jenkins

23   and Detectives Gondo, Hersl, Rayam, Taylor, and Ward, in their

24   capacity as police officers, stopped S.S. as he attempted to

25   leave the parking lot of a storage facility in Baltimore City.

1    Taylor told S.S. that they had a warrant to search his storage

2    unit when, in fact, they did not.  Hersl, Jenkins, and Rayam

3    then went into S.S.'s storage unit and took a sock containing

4    $4,800 from the unit and took $2,000 from it.  Rayam then gave

5    the sock now containing only $2,800 back to S.S. and told him

6    to leave.

7              Overt Act 86.  At the scene of the incident, inside

8    a BPD vehicle, Rayam described to Gondo how he told Jenkins

9    that he had only taxed S.S. a little bit, referring to only

10   stealing some of S.S.'s cash and not because they had arrested

11   S.S.  Quote, "he -- meaning S.S. -- won't say nothing to other

12   law enforcement authorities."  Rayam also told Gondo that he

13   had to give quote, "Wayne," close quote, referring to Wayne

14   Jenkins, quote, "a hundred dollars," close quote, of the cash

15   stolen from S.S.

16             Overt Act 87.  To conceal the robbery and extortion

17   Sergeant Jenkins and Detectives Gondo, Hersl, Rayam, Taylor,

18   and Ward did not prepare an incident report regarding the

19   arrest.  Sergeant Jenkins and Detectives Gondo, Hersl, Rayam,

20   Taylor, and Ward did not submit to BPD the money stolen from

21   S.S.

22             Mr. Ward?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  How do you plead to that charge I just

25   detailed for you, guilty or not guilty?

1              THE DEFENDANT:  Guilty.

2              THE COURT:  Before I can accept your guilty plea I

3    must ask you a number of questions and consider the answers

4    that you give me in response to those questions.  So please

5    listen carefully and respond as best you are able.  If at any

6    time you need to speak to your attorney, just indicate that

7    you need a moment to do that.  And we will pause and allow you

8    to confer with him.  Are you with me?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Do you understand that you're now under

11   oath and that if you answer any of my questions falsely your

12   answers may later be used against you in another prosecution

13   for perjury or for making a false statement?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  How far did you go in school?

16             THE DEFENDANT:  Graduated high school.

17             THE COURT:  Are you having any trouble understanding

18   me today?

19             THE DEFENDANT:  No, sir.

20             THE COURT:  Have you been treated recently for any

21   mental illness or drug addiction or alcohol addiction?

22             THE DEFENDANT:  No, sir.

23             THE COURT:  Are you currently under the influence of

24   any drug or medication or alcohol?

25             THE DEFENDANT:  No, sir.

1          THE COURT:  Mr. Enzinna, any question in your mind

2   as to whether or not your client's competent to proceed

3   today.

4          MR. ENZINNA:  No, sir.

5          THE COURT:  Mr. Ward, have you fully discussed the

6   charges in the indictment and the case in general with your

7   lawyer.

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Are you fully satisfied with the legal

10  representation that you've received from him?

11         THE DEFENDANT:  Very much.

12         THE COURT:  Do you believe that he's given you good

13  advice?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Do you believe that he has been a

16  zealous and effective legal advocate on your behalf?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  I understand there's a plea agreement in

19  the case, Mr. Wise?

20         MR. WISE:  Yes, Your Honor.

21         THE COURT:  Mr. Enzinna?

22         MR. ENZINNA:  Yes, Your Honor.

23         THE COURT:  It will be marked as the Government's

24  Exhibit No. 1.  It will be received at the conclusion of these

25  proceedings.  Directing everyone's attention now to page 8.

1          Mr. Wise, did you sign there and bind the government

2     to the terms of this plea agreement?

3          MR. WISE:  I did, Your Honor.

4          THE COURT:  Over to page 9.  Mr. Ward, please read

5     to me the paragraph that immediately precedes your signature?

6          THE DEFENDANT:  "I have read this agreement

7     including the sealed supplement and carefully reviewed every

8     part of it with my attorney.  I understand it and voluntarily

9     agree to it.  Specifically, I have reviewed the factual and

10    advisory guidelines stipulations with my attorney.  I do not

11    wish to change any part of it.  I am completely satisfied with

12    the representation of my attorney."

13         THE COURT:  Is that your statement, Mr. Ward?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Is it true?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Did you sign right afterwards to

18    indicate that you adopt this statement?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  Mr. Enzinna, did you sign the plea

21    agreement as well, after the standard statement for defense

22    counsel in this context?

23         MR. ENZINNA:  Yes, Your Honor.

24         THE COURT:  Mr. Ward, did you have an opportunity to

25    read and discuss the plea agreement with your lawyer before

1    you signed it?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  Have you fully reviewed each and every

4    term of that plea agreement with your lawyer?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  Do you understand your plea agreement?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  Under the terms of the plea agreement, I

9    understand that the defendant's agreed to plead guilty to

10   Count 1.  I further understand that the government, at the

11   time of sentencing, will move the Court to dismiss any other

12   counts naming this defendant and will agree that they will not

13   otherwise prosecute the defendant in relation to the

14   activities that are generally referred to in this indictment.

15           In addition, I understand that both sides have

16   reserved the right to make the sentencing recommendations and

17   arguments that they think are appropriate at the time of

18   sentencing.  The sealed supplement to the plea agreement is

19   also a part of the agreement.  We'll discuss the sealed

20   supplement separately under seal.

21           Have I correctly summarized the plea agreement, Mr.

22   Wise?

23           MR. WISE:  You have, Your Honor.

24           THE COURT:  Mr. Enzinna?

25           MR. ENZINNA:  Yes, Your Honor.

1          THE COURT:  Most importantly, Mr. Ward, have I

2     correctly summarized your plea agreement?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Do you agree that the Government's

5     Exhibit No. 1, together with the sealed supplement, sets out

6     the entire agreement that you've made with the government, and

7     that there are no other agreements or promises or deals or

8     anything like that that have been made here?

9          THE DEFENDANT:  Yes, sir.

10         THE COURT:  Has anybody made any promises or

11    assurances that are not in the plea agreement or the sealed

12    supplement, to try to get you to plead guilty and take this

13    deal?

14         THE DEFENDANT:  No, sir.

15         THE COURT:  Has anybody made any threats or used any

16    force or violence against you or somebody close to you in

17    order to try to persuade you to plead?

18         THE DEFENDANT:  No, sir.

19         THE COURT:  Do you understand that the Court is not

20    a party to the agreement, this is between you and the

21    government?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Do you understand that to the extent the

24    terms of the plea agreement allow the parties to make

25    sentencing recommendations to the Court, that while I will

1    consider those recommendations, I can reject them without

2    permitting you to withdraw your plea of guilty?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Do you understand that I might impose a

5    sentence that's more severe than that which you might be

6    expecting?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  So are you pleading guilty of your own

9    free will because you're guilty?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  The offense to which you're proposing to

12   plead guilty is a felony offense.  If I accept your guilty

13   plea you will be adjudged guilty of that offense.  And that

14   adjudication may deprive you of valuable civil rights, such as

15   the right to vote, the right to hold public office, the right

16   to serve on a jury, the right to obtain or keep certain

17   benefits like student loans or public housing, the right to

18   obtain certain permits and licenses, and the right to possess

19   any kind of a firearm.  Do you understand that you may lose

20   all those rights if you plead guilty?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Immigration status advisement necessary,

23   Mr. Wise?

24             MR. WISE:  No, Your Honor.

25             THE COURT:  Mr. Enzinna, do you believe your client

1    is indeed a U.S. citizen.

2             MR. ENZINNA:  Yes, Your Honor.

3             THE COURT:  Maximum possible penalty for this

4    offense, Mr. Ward, is 20 years in prison, did you know that?

5             THE DEFENDANT:  Yes, sir.

6             THE COURT:  Do you understand that if you're ordered

7    incarcerated that as part of your sentence you will be ordered

8    to serve a term of supervised release with a maximum term of

9    three years after you're released from incarceration?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Do you understand that while you're on

12    supervised release you'll be subject to supervision and that

13    you'll be required to comply with certain conditions?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  Do you understand that if you violate

16    the terms and conditions of supervised release, that you could

17    be returned to prison for a term that may be as great as the

18    term of supervised release, and that upon return to prison you

19    may not be given credit for your street time?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  Do you understand that you may be

22    required to pay a fine with a maximum amount of $250,000 as an

23    additional consequence if your guilty plea is accepted?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Do you understand that the Court may

1    also order you to pay restitution to any victim of your

2    offense?

3                THE DEFENDANT:  Yes, sir.

4                THE COURT:  Forfeiture, Mr. Wise?

5                MR. WISE:  No, Your Honor.

6                THE COURT:  Mr. Ward, do you understand that if you

7    are currently on probation, parole, or supervised release, or

8    if you were at the time of the offense to which you're

9    pleading guilty, you may be subject to the imposition of

10   additional incarceration for violation of that probation,

11   parole, or supervised release, in the court that originally

12   imposed that sanction, as a result of your conviction in this

13   case in this court, you follow me?

14               THE DEFENDANT:  Yes, sir.

15               THE COURT:  Are we backing up any time anywhere, Mr.

16   Enzinna?

17               MR. ENZINNA:  No, Your Honor.

18               THE COURT:  Do you understand that you must pay a

19   special assessment of $100 if your guilty plea is accepted?

20               THE DEFENDANT:  Yes, sir.

21               THE COURT:  Do you understand that the Court may

22   order you to provide notice of your conviction to certain

23   third parties, including victims or potential employers,

24   people like that, if your guilty plea is accepted?

25               THE DEFENDANT:  Yes, sir.

1          THE COURT:  Do you understand all these possible

2    consequences of your guilty plea?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Your sentence will be determined by the

5    Court after consulting the United States Sentencing

6    Guidelines, which are advisory, after considering possible

7    departures from those guidelines, as permitted in federal

8    sentencing law, and after considering other sentencing factors

9    that are set out in Title 18 of the United States Code,

10   Section 3553(a).  Have you and your lawyer talked about how

11   the Federal Sentencing Guidelines likely apply in your case?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Direct your attention to page 4 of your

14   plea agreement, the Government's Exhibit No. 1.  This document

15   that you've signed, the government signed, your lawyer signed,

16   all of you together are telling me here that you believe and

17   suggest the base offense level is 20.  That there should be a

18   five-level upward enhancement to reflect the fact that you

19   were armed when these offenses were committed.  A two-level

20   upward adjustment to reflect the fact that physical restraint

21   was employed to facilitate commission of the offense.  Next, a

22   one-point increase to reflect the loss of greater than

23   $20,000.  Next, the parties all agree that this crime by you

24   involved an abuse of a position of trust, that's a two-level

25   increase.  And then everybody agrees, including you, that

1   you're subject to a two-level increase for obstructing or

2   impeding the administration of justice.  All of that brings us

3   to a grand total of 32 criminal offense levels.  Both sides

4   tell me that they believe the defendant should receive a

5   three-level downward adjustment to reflect his acceptance of

6   responsibility.  That would leave us at an offense level of

7   29.

8            Mr. Enzinna, do you believe there's any prior

9   criminal history.

10           MR. ENZINNA:  No Your Honor.

11           THE COURT:  So offense level 29, Criminal History

12   Category I, that would carry with it an advisory guidelines

13   range of 87 to 108 months.

14           Mr. Ward, have you heard about numbers like that

15   before?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  And have you been through the Federal

18   Sentencing Guidelines carefully with your lawyer to see how

19   these guidelines get computed and how the Court is accordingly

20   advised?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  Has your lawyer gone over this little

23   chart with you that I've got in my hand, which shows offense

24   levels down the left hide, Criminal History Categories across

25   the top, and allows you to go down and then over and figure

1    out which range applies to you, at least in your lawyer's

2    opinion?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Do you understand that the Court will

5    not be able to finally determine the guidelines range for your

6    case until after the presentence report has been completed,

7    and after you and the government have had an opportunity to

8    challenge the computation, the reported facts, and the

9    proposed application of the guidelines by the probation

10   department?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Do you understand that any criminal

13   history you may have will affect the computation of your

14   sentencing guidelines?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Do you understand that in addition to

17   considering the Sentencing Guidelines and any departures from

18   the guidelines, that under 18, United States Code, Section

19   3553(a), the Court will apply additional factors that are set

20   out there, and then may impose a sentence that's either

21   greater or lesser than that specified by the Sentencing

22   Guidelines and any departures thereunder?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Do you understand that the sentence

25   ultimately imposed might be different from any estimate that

1    your lawyer may have provided to you?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  Do you understand that parole's been

4    abolished, and if you are sentenced the a term of

5    incarceration you're not going to be released on parole,

6    because there is no parole in the federal system?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  Ordinarily, when a person's convicted of

9    an offense in federal court they have a right to appeal their

10   conviction, did you know that?

11           THE DEFENDANT:  Yes, sir.

12           THE COURT:  They also have a right to appeal their

13   sentence, did you know that?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  But under the terms of this plea

16   agreement that you've signed and submitted to me, together

17   with your lawyer and the government's lawyer, you tell me that

18   you waive or give up your right to appeal your conviction, and

19   that you waive or give up your right to appeal your sentence

20   all as part of this deal; is that true?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  Mr. Ward, do you understand that you're

23   not required to plead guilty in this case?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  Do you understand that you have the

1    right to plead not guilty to any offense charged against you

2    and then to persist in that not guilty plea?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Do you understand that if you pled not

5    guilty you would then have the right to a trial by jury?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  Do you understand that your lawyer and

8    the government's lawyer would assist me in selecting 12

9    members of the community, who would be brought into this

10   courtroom, seated right over here in this jury box to your

11   left, and who would serve as your jury?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  Do you understand that at trial you

14   would be presumed to be innocent, and that the government

15   would be required to prove your guilt beyond a reasonable

16   doubt to the unanimous satisfaction of the jury.  And if the

17   government couldn't do that, you couldn't be convicted in the

18   case?

19           THE DEFENDANT:  Yes, sir.

20           THE COURT:  Do you understand that at trial, and

21   every other critical stage of the proceedings in your case,

22   you are entitled to the assistance of a competent attorney, to

23   assist you, to advise you, to represent you, and to advocate

24   for you?

25           THE DEFENDANT:  Yes, sir.

1          THE COURT:  Do you understand that if you cannot

2  afford an attorney one will be appointed to represent you at

3  no cost to you?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Appointed or retained?

6          MR. ENZINNA:  Appointed, Your Honor.

7          THE COURT:  So, in fact, that's already happened in

8  this case, Mr. Enzinna was appointed to represent you and has

9  been doing so faithfully and you haven't had to pay him

10 anything; true?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Do you understand that during your trial

13 you would have the right to see and hear all the witnesses,

14 and that you and your lawyer would be permitted to question or

15 cross-examine all the witnesses testifying against you?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Do you understand that you would have

18 the right to present the testimony of your own witnesses, and

19 if those witnesses would not come to court voluntarily you

20 would be permitted to subpoena them and force them to come to

21 court?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Do you understand that you have the

24 right to present the testimony -- do you understand, first of

25 all, that you have the right to testify yourself during a

1    trial?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Do you understand that you would also

4    have the right to decline to testify, and that if you did so

5    decline, the fact that you did not testify during your trial

6    could not be held against you in any way?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  In fact, do you understand that if you

9    elected to present no defense at all at trial that could not

10   be held against you?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Do you understand that if you were

13   convicted after a trial you could appeal that conviction to a

14   higher court?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Do you understand that after you enter a

17   plea of guilty, if that plea is accepted by the Court, there

18   will be no trial and you will have waived or given up your

19   right to a trial, as well as the other rights associated with

20   a trial as I've just been describing them to you?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  I want to explain to you now what we

23   call the essential elements of this offense.  These are things

24   the government would have the prove in order for you to be

25   convicted in this case, are you with me?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  First of all, they'd have to prove this

3    misconduct occurred between 2015 and February 23rd of 2017.

4    Second, they'd have to prove that the misconduct occurred, at

5    least in part, in the state and district of Maryland.  Third,

6    they'd have to prove that an enterprise existed as alleged in

7    the indictment.  Fourth, they'd have to prove that the

8    enterprise affected interstate or foreign commerce.  And

9    fifth, they'd have to prove that you were associated with or

10   employed by the enterprise.  And sixth, and maybe most

11   importantly, they'd have to prove that you knowingly and

12   willfully became a member of this criminal conspiracy.

13         Do you understand that these are the essential

14   elements of the offense.  And if the government could not

15   prove each and every one of these elements beyond a reasonable

16   doubt, to the unanimous satisfaction of the jury, you could

17   not be convicted on that count?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Before I can accept your guilty plea, I

20   must be satisfied that there is a factual basis for it.  So

21   please now turn to a document labeled Attachment A, comes at

22   the very back of the Government's Exhibit No. 1, the plea

23   agreement.  Got that document in front of you?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  Seen it before?

```
 1              THE DEFENDANT:  Yes, sir.

 2              THE COURT:  Read every single word of it?

 3              THE DEFENDANT:  Yes, sir.

 4              THE COURT:  Gone over it carefully with your

 5      attorney?

 6              THE DEFENDANT:  Yes, sir.

 7              THE COURT:  Is it true?

 8              THE DEFENDANT:  Yes, sir.

 9              THE COURT:  Mr. Wise, you may proffer your factual

10      basis for the plea of guilty.

11              MR. WISE:  Thank you, Your Honor.

12              The defendant Maurice Kilpatrick Ward joined the

13      Baltimore Police Department, an agency of the state of

14      Maryland, whose jurisdiction covers Maryland's largest city,

15      Baltimore, on October 8th, 2005.  The BPD constituted an

16      enterprise as defined in Title 18, United States Code, Section

17      1961(4).  The BPD engaged in and its activities affected

18      interstate commerce.

19              The Gun Trace Task Force, or GTTF, was a specialized

20      unit within the Operational Investigation Division of the BPD.

21      The primary mission of the GTTF was the tracking and tracing

22      of recovered firearms in order to identify and suppress the

23      possession, purchasing, and trafficking of illegal firearms

24      within Baltimore City.  And to assist with the investigation

25      and prosecution of firearms related offenses.  Ward was
```

1    assigned to the GTTF on or about June 13th of 2016.

2              The purpose of the BPD was to protect and preserve

3    life, protect property, understand and serve the needs of

4    Baltimore City's neighborhoods, and to improve the quality of

5    life in Baltimore City.  The purposes of Ward and his

6    co-defendants included violating the legitimate purposes of

7    the BPD in order to enrich themselves through illegal conduct,

8    including extortion, robbery, and time and attendance fraud.

9              Among the means and methods by which Ward and his

10   co-defendants and others pursued their illegal purposes were

11   the following:  Detaining individuals and stealing money,

12   property, and narcotics from them; entering residences and

13   stealing money, property, and narcotics from the owners and

14   occupants of those residences; conducting traffic stops of

15   vehicles and stealing money, property, and narcotics from the

16   vehicle occupants; swearing out false affidavits to obtain

17   search warrants in order to steal money, property, and

18   narcotics; preparing false and fraudulent official incident

19   and arrest reports, reports of property seized from arrestees

20   and charging documents, to conceal the fact that Ward and his

21   co-defendants stole money, property, and narcotics from

22   individuals; and finally, defrauding the BPD and the state of

23   Maryland by submitting false and fraudulent time and

24   attendance records in order to obtain salary and overtime

25   payments for times when Ward and his co-defendants did not

1    work.

2           Ward agrees that he associated with the enterprise

3    described in the indictment, and knowingly became a member of

4    the conspiracy described in the indictment.  Ward admits that

5    he participated in the robberies listed in Attachment A, the

6    factual statement to his plea agreement, among others.

7    Further, Ward admits he was armed with his BPD service firearm

8    during the commission of these robberies; that individual

9    victims of the robberies were physically restrained to

10   facilitate the commission of the offense; and that he authored

11   false and fraudulent incident reports and other official

12   documents, or failed to do so, in order to conceal his and his

13   co-defendants criminal conduct and otherwise obstruct justice.

14          On or about February 17th, 2016, Ward, Jenkins, and

15   Taylor, acting in their capacity as police officers, arrested

16   a victim, who we're referring to with the initials R.B., after

17   chasing him on the street.  Ward and Taylor stole

18   approximately $500 from R.B. when they searched him.  To

19   conceal the robbery from authorities, Ward authored a false

20   incident report for the arrest of R.B.  Above his signature

21   Ward certified that, quote, I affirm and declare that the

22   statements above are true to the best of my knowledge, end

23   quote.  Jenkins approved the report.  In that statement Ward

24   and Jenkins did not disclose that $500 had been seized from

25   R.B.  Ward and Taylor did not submit to BPD the money they

1    stole from R.B.

2          On or about March 22nd, 2016, Hendrix, Jenkins,

3    Taylor, and Ward, acting in their capacity as police officers,

4    conducted a traffic stop and arrested a victim identified by

5    the initials O.S.  Following the arrest of O.S., Hendrix,

6    Jenkins, Taylor, and Ward entered O.S.'s residence.  Hendrix,

7    Jenkins, Taylor, and Ward stole approximately $200,000 from a

8    safe they opened, and from two bags they seized, and property

9    including a Breitling men's wristwatch valued at $4,000 from

10   the location.  Following the search, Hendrix, Jenkins, Taylor,

11   and Ward went to Taylor's house, where Jenkins gave Ward and

12   Hendrix and Taylor a portion of the money stolen from O.S.

13   Ward received approximately $20,000.

14          On or about June 24th, 2016, Hendrix, Gondo,

15   Jenkins, and Ward, acting in their capacity as police

16   officers, entered a residence where M.M. was staying, and they

17   entered with SWAT team.  When SWAT left Jenkins, Ward, and

18   Hendrix remained to execute a search warrant.  While Hendrix

19   and Ward were searching a bedroom, Hendrix found a quantity of

20   cash which he stole.  Later that day Hendrix gave Ward a

21   portion of the cash he stole from M.M.

22          On or about August 24th, 2016, Ward, Jenkins, Gondo,

23   Rayam, Hendrix, and Hersl, acting in their capacity as police

24   officers, conducted a traffic stop of A.F. and detained him.

25   While A.F. was detained, Hendrix stole cash from him.  Hendrix

1    later gave some of the cash that was taken from A.F. to Ward.

2    To conceal the robbery from authorities Ward and Hendrix did

3    not prepare an incident report or statement of probable cause

4    regarding the traffic stop.  Hendrix and Ward did not submit

5    to BPD the money they stole from A.F.

6         Ward routinely submitted false and fraudulent

7    individual overtime reports.  On these reports Ward falsely

8    certified that he worked his entire regularly assigned shift

9    when he did not, and that he worked additional hours for which

10   he received overtime pay, when in truth in fact he had not

11   work all and in some cases any of those overtime hours.  Ward

12   engaged in these practices with the approval of and at the

13   direction of his co-defendant Sergeant Jenkins.

14        As the officer in charge of the GTTF and the unit

15   that Ward served in prior to joining the GTTF, Jenkins

16   instructed Ward and his co-defendants when to arrive for work,

17   in many cases hours after his regular shift began.  And also

18   instructed Ward and his co-defendants how much overtime to

19   claim.  Including routinely directing them to claim more

20   overtime than they had actually worked.  This degree of

21   coordination was necessary in order to conceal from BPD that

22   the GTTF was overbilling for overtime.

23        Specifically, it was necessary that the members of

24   the GTTF submit individual overtime reports for the same hours

25   to create the illusion that Ward and his co-defendants, who

1    were working as a unit, were actually working.  Ward submitted

2    false and fraudulent overtime reports for himself and for his

3    co-defendants, who were members of the GTTF, with their

4    knowledge and at their direction.  His co-defendants also

5    submitted false and fraudulent individual overtime reports

6    with his knowledge and at his direction on Ward's behalf.

7         The practice at the GTTF was that if a subset of the

8    GTTF had a gun arrest, all members of the GTTF, regardless of

9    whether they had actually participated in the arrest, would

10   submit individual overtime reports as if they did.  On some

11   occasions this occurred when Ward and his co-defendants were

12   not working at all on the day of the arrest.  In that

13   circumstance, it was necessary for one of his co-defendants to

14   submit the individual overtime report for Ward, or for Ward to

15   do it for one or more of them.  In submitting false and

16   fraudulent individual overtime reports, Ward acted with the

17   intent to defraud the BPD and the citizens of the state of

18   Maryland.

19        THE COURT:  If there was a trial in this case, Mr.

20   Ward, could the government prove those facts?

21        THE DEFENDANT:  Yes.

22        THE COURT:  In conducting proceedings under Rule 11

23   of the Federal Rules of Criminal Procedure in every case this

24   court proceeds to an in camera segment, the transcript of

25   which is sealed, in order to determine the content of the

1    sealed supplement to the plea agreement.  This portion of the

2    proceedings is sealed.  And the record shall remain sealed

3    until I order otherwise.

4              (Conference at the bench.  It is the policy of this

5    court that every guilty plea and sentencing proceeding include

6    a bench conference concerning whether the defendant is or is

7    not cooperating.)

8              THE COURT:  Mr. Ward, do you understand that if I

9    accept your guilty plea I will refer your case to the U.S.

10   probation office for this district and direct them to prepare

11   a presentence report.  And only after I've reviewed the

12   contents of that report, and only after the government and you

13   and your lawyer have had the opportunity to respond to the

14   report, only then will I impose sentence in your case.  Do you

15   follow that procedure?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  All right.  So we started out what 35,

18   40 minutes ago, I asked you how you wanted to plead to this

19   charge, racketeering conspiracy, you told me you wanted to

20   plead guilty.

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  I told you that I couldn't accept your

23   guilty plea right then, but instead I needed to first ask you

24   a series of questions and listen to the answers that you gave

25   me; right?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  The purpose of that exercise was to

3     allow me, by listening to your answers, to reach my own

4     judgment, my own conclusion about whether or not I thought you

5     really knew what you were doing today.  Whether you understood

6     your rights, understood what you were charged with, understood

7     what the penalties could be in relation to a guilty plea for

8     this charge.  I wanted to make sure you understood that you

9     didn't have to plead guilty, you could plead not guilty.  Have

10    a trial, how that trial would be conducted, the role of the

11    jury.  The fact if you were convicted there you could appeal

12    that conviction to a higher court.  Talked with you about the

13    sentencing laws in some detail, about how they work.  I

14    verified that you have a good relationship with your lawyer,

15    that you trust him, that you have faith in him.

16          You've answered all my questions.  You satisfied me.

17    So now I'm ready to circle back to where I started.  I think

18    you understand the fundamental choice that you face today

19    about whether to plead guilty or plead not guilty.  That you

20    understand the implications to everything.  Am I right about

21    that?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  All right then, in a second I am going

24    to ask you again how you plead to the charge.  This time you

25    need to understand, your answer's for keeps, it's irrevocable,

1    you can't take it back.

2                 THE DEFENDANT:  Yes, sir.

3                 THE COURT:  How do you plead to Count 1 in this

4    case, racketeering conspiracy, guilty or not guilty?

5                 THE DEFENDANT:  Guilty.

6                 THE COURT:  It's the finding of the Court in this

7    case of the United States versus Maurice Kilpatrick Ward, that

8    the defendant is fully competent and capable of entering an

9    informed plea; that the defendant is aware of the nature of

10   the charges and the consequences of the guilty plea; that the

11   guilty plea is a knowing and voluntary plea supported by an

12   independent basis in fact, containing each of the essential

13   elements of the offense.  The plea is, therefore, accepted and

14   the defendant is now adjudged guilty of that offense.

15              A written presentence report will be prepared by the

16   probation office.  The defendant is instructed to provide the

17   probation office with the information that it requests as it

18   prepares that report.  The defendant's attorney may be present

19   when the probation officer interviews the defendant.  The

20   defendant and his lawyer will be permitted to read the

21   presentence report and file any objections to that report

22   before the sentencing hearing.  During the sentencing hearing

23   the defendant and his lawyer shall have the right to speak, to

24   allocute, before sentence is imposed.

25              Mr. Wise, are there any victims of this offense

1    present, and if so, do they wish to speak?

2              MR. WISE:  I don't believe so, Your Honor.

3              THE COURT:  Similarly, if any victims are present at

4    the time of sentencing, they'll be afforded an opportunity to

5    address the Court.  The defendant was previously ordered

6    detained without bail by a magistrate judge of this Court.  I

7    take it that it is the government's position that that

8    detention order should remain in effect?

9              MR. WISE:  Yes, Your Honor.

10             THE COURT:  I take it, Mr. Enzinna, that there's no

11   request for reconsideration of that order at this time.

12             MR. ENZINNA:  That's correct, Your Honor.

13             THE COURT:  Mr. Enzinna, I propose a sentencing date

14   of February 21st, 2018, at 10:00 o'clock in the morning.  Is

15   that convenient?

16             MR. ENZINNA:  Yes, Your Honor.

17             THE COURT:  Mr. Wise?

18             MR. WISE:  Yes, Your Honor.

19             THE COURT:  Court's entered a regular sentencing

20   order setting that date and time for sentencing, as well as

21   establishing other dates and deadlines relevant to the

22   sentencing process.  Obviously, the defendant's required to be

23   present for his sentencing.  The government's directed to

24   prepare a necessary writ or comeup order.

25             Any other matters we can productively address today,

1   Mr. Wise?

2             MR. WISE:  No, Your Honor.  Thank you.

3             THE COURT:  Mr. Enzinna?

4             MR. ENZINNA:  No, Your Honor.

5             THE COURT:  The defendant is remanded to the custody

6   of the United States Marshal pending sentencing.  Counsel are

7   excused.  Court's in recess.  Thank you.

8             (The proceedings were concluded.)

9

10            I, Christine Asif, RPR, FCRR, do hereby certify that
    the foregoing is a correct transcript from the stenographic
    record of proceedings in the above-entitled matter.

11

                    _____/s/_____
12                       Christine T. Asif
                       Official Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25

< Dates >
August 24th, 2016
    28:22.
August 5 7:18.
August 8 7:21.
February 17th, 2016
    27:14.
February 21st, 2018
    34:14.
February 23rd 2:17,
    24:3.
July 23, 2016 7:7,
    7:13.
July 23rd, 2016
    7:10.
June 24, 2016
    6:13.
June 24th, 2016
    28:14.
March 22nd, 2016
    28:2.
October 8, 2003
    4:15.
October 8th, 2005
    25:15.
September 7, 2016
    7:22.
$10,000. 6:22,
    6:25.
$100 16:19.
$15,000 7:1, 7:5.
$2,000 6:25, 7:4,
    8:4.
$2,800 8:5.
$20,000. 17:23,
    28:13.
$200,000 28:7.
$250,000 15:22.
$4,000 28:9.
$4,800 8:4.
$500 27:18, 27:24.
.
.
< 1 >.
1 2:20, 3:18, 13:5,
    24:22, 33:3.
1. 10:24, 12:10,
    17:14.
101 1:48.
108 18:13.

10:00 34:14.
11 30:22.
11:00 7:9.
11:16 7:9.
12 4:14, 21:8.
12-hour 7:8.
13th 4:17, 26:1.
18 3:25, 5:10, 17:9,
    19:18, 25:16.
1961(4). 25:17.
1962(c 5:10.
1962(d 4:1.
.
.
< 2 >.
2 4:7.
20 15:4.
20. 17:17.
2015 4:25, 24:3.
2016 7:18.
2016. 4:17, 7:21,
    26:1.
2017 1:19, 5:2.
2017. 24:3.
21201 1:49.
23rd 5:2.
24 6:5, 6:12.
25 6:20.
26 6:24.
27 6:5, 7:3.
29 18:11.
29. 18:7.
2nd 2:18.
.
.
< 3 >.
3 4:12.
32 18:3.
35 31:17.
3553(a 17:10,
    19:19.
37 3:12.
3:00 7:9.
3:15 7:10.
.
.
< 4 >.
4 4:18, 4:22,
    17:13.
40 31:18.

4:00 7:21.
4th 1:48.
.
.
< 5 >.
50 7:2.
.
.
< 6 >.
6 5:24.
.
.
< 7 >.
70 6:7, 7:6.
73 6:8.
73. 7:17.
.
.
< 8 >.
8. 10:25.
85 6:9.
85. 7:22.
86. 8:7.
87 6:10, 18:13.
87. 8:16.
8:00 7:20.
.
.
< 9 >.
9 7:18, 7:21.
9. 11:4.
_____/s/_____
       _____ 35:14.
.
.
< A >.
a.m. 7:10, 7:21.
able 9:5, 19:5.
abolished 20:4.
Above 27:20,
    27:22.
above-entitled
    35:12.
abuse 17:24.
accept 9:2, 14:12,
    24:19, 31:9,
    31:22.
acceptance 18:5.
accepted 15:23,
    16:19, 16:24,

23:17, 33:13.
accomplish 5:22.
accordingly 18:19.
accusations 6:2.
across 18:24.
Act 6:7, 6:8, 6:9,
    6:12, 6:20, 6:24,
    7:6, 7:17, 8:7,
    8:16.
acted 30:16.
acting 6:14, 27:15,
    28:3, 28:15,
    28:23.
activities 5:6,
    12:14, 25:17.
activity 5:13.
Acts 5:13, 6:2, 6:4,
    6:5.
Acts. 5:25.
actually 29:20,
    30:1, 30:9.
addiction 9:21.
addition 12:15,
    19:16.
additional 15:23,
    16:10, 19:19,
    29:9.
address 34:5,
    34:25.
adjudged 14:13,
    33:14.
adjudication
    14:14.
adjustment 17:20,
    18:5.
administration
    18:2.
admits 27:4, 27:7.
adopt 11:18.
advice 10:13.
advise 21:23.
advised 18:20.
advisement 14:22.
advisory 11:10,
    17:6, 18:12.
advocate 10:16,
    21:23.
affairs 5:12.
affect 19:13.
affected 5:6, 24:8,

25:17.
affidavits 26:16.
affirm 27:21.
affirmation 7:14.
afford 22:2.
afforded 34:4.
afternoon 2:2, 2:6,
    3:1.
afterwards 11:17.
agency 25:13.
ago 31:18.
agree 5:9, 11:9,
    12:12, 13:4,
    17:23.
agreed 12:9.
agreement 10:18,
    11:2, 11:6, 11:21,
    11:25, 12:4, 12:6,
    12:8, 12:18,
    12:19, 12:21,
    13:2, 13:6, 13:11,
    13:20, 13:24,
    17:14, 20:16,
    24:23, 27:6,
    31:1.
agreements 13:7.
agrees 17:25,
    27:2.
alcohol 9:21,
    9:24.
alleged 4:3, 5:20,
    24:6.
alleges 6:13.
allocute 33:24.
allow 9:7, 13:24,
    32:3.
allows 18:25.
already 22:7.
America 1:5, 2:5.
Among 26:9, 27:6.
amount 15:22.
answer 9:11,
    32:25.
answered 32:16.
answers 9:3, 9:12,
    31:24, 32:3.
anybody 13:10,
    13:15.
appeal 20:9, 20:12,
    20:18, 20:19,

23:13, 32:11.
appear 2:17.
application 19:9.
applies 19:1.
apply 17:11,
    19:19.
Appointed 22:2,
    22:5, 22:6,
    22:8.
appreciate 2:15.
appropriate 12:17.
approval 29:12.
approved 7:10,
    27:23.
approximately 6:25,
    7:2, 27:18, 28:7,
    28:13.
arguments 12:17.
armed 17:19, 27:7.
arrest 8:19, 26:19,
    27:20, 28:5, 30:8,
    30:9, 30:12.
arrested 8:10,
    27:15, 28:4.
arrestees 26:19.
arrive 29:16.
Asif 1:46, 35:10,
    35:15.
assessment 16:19.
assigned 4:15, 7:20,
    26:1, 29:8.
assist 21:8, 21:23,
    25:24.
assistance 21:22.
associated 5:5,
    23:19, 24:9,
    27:2.
assurances 13:11.
Attachment 24:21,
    27:5.
attempted 7:24.
attendance 4:21,
    6:9, 26:8,
    26:24.
attention 10:25,
    17:13.
attorney 9:6, 11:8,
    11:10, 21:22,
    22:2, 25:5,
    33:18.

attorney. 11:12.
AUSA 1:25, 1:26.
authored 27:10,
   27:19.
authorities 27:19,
   29:2.
authorities. 8:12.
authorized 7:15.
aware 33:9.
.
.
< B >.
back 8:5, 24:22,
   32:17, 33:1.
backing 16:15.
bags 28:8.
bail 34:6.
Baltimore 1:20,
   1:49, 4:4, 4:11,
   7:12, 7:25, 25:13,
   25:15, 25:24,
   26:4, 26:5.
base 17:17.
basis 24:20, 25:10,
   33:12.
became 24:12,
   27:3.
bed 2:17.
bedroom 6:19, 6:21,
   7:1, 28:19.
began 29:17.
begin 5:24.
Beginning 4:24.
begins 4:2, 4:12.
behalf 10:16,
   30:6.
believe 10:12,
   10:15, 14:25,
   17:16, 18:4, 18:8,
   34:2.
bench 31:4, 31:6.
bend 3:7.
benefits 14:17.
best 9:5, 27:22.
beyond 21:15,
   24:15.
bind 11:1.
bit 8:9.
boot 7:1, 7:5.
born 3:9.

box 6:21, 6:25, 7:4,
   21:10.
BPD 4:15, 5:5, 7:4,
   7:5, 8:8, 8:20,
   25:15, 25:17,
   25:20, 26:2, 26:7,
   26:22, 27:7,
   27:25, 29:5,
   29:21, 30:17.
Breitling 28:9.
brings 18:2.
brought 21:9.
.
.
< C >.
call 2:3, 23:23.
camera 30:24.
capable 33:8.
capacities 6:15.
capacity 7:24,
   27:15, 28:3,
   28:15, 28:23.
carefully 9:5, 11:7,
   18:18, 25:4.
carry 18:12.
case 2:3, 2:4, 4:13,
   10:6, 10:19,
   16:13, 17:11,
   19:6, 20:23,
   21:18, 21:21,
   22:8, 23:25,
   30:19, 30:23,
   31:9, 31:14, 33:4,
   33:7.
cases 29:11,
   29:17.
cash 8:10, 8:14,
   28:20, 28:21,
   28:25, 29:1.
Categories 18:24.
Category 18:12.
cause 29:3.
center 4:3.
certain 14:16,
   14:18, 15:13,
   16:22.
certified 27:21,
   29:8.
certify 7:14,
   35:10.

challenge 19:8.
change 2:20,
   11:11.
charge 8:24, 29:14,
   31:19, 32:8,
   32:24.
charged 21:1,
   32:6.
Charges 3:25, 10:6,
   33:10.
charging 4:21, 6:4,
   26:20.
chart 18:23.
chasing 27:17.
choice 32:18.
Christine 1:46,
   35:10, 35:15.
circle 32:17.
circumstance
   30:13.
citizen 15:1.
citizens 30:17.
City 7:13, 7:25,
   25:14, 25:24,
   26:4, 26:5.
civil 14:14.
claim 29:19.
claimed 7:7.
CLERK 3:1, 3:4,
   3:7.
client 2:14, 10:2,
   14:25.
close 7:8, 7:16,
   8:13, 8:14,
   13:16.
co-defendant
   29:13.
co-defendants 26:6,
   26:10, 26:21,
   26:25, 27:13,
   29:16, 29:18,
   29:25, 30:3, 30:4,
   30:11, 30:13.
Code 4:1, 5:10,
   5:16, 5:17, 17:9,
   19:18, 25:16.
combine 5:9.
comes 24:21.
comeup 34:24.
commerce 5:7, 24:8,

25:18.
commission 17:21,
  27:8, 27:10.
committed 6:2,
  17:19.
community 21:9.
competent 10:2,
  21:22, 33:8.
completed 19:6.
completely 11:11.
comply 15:13.
computation 19:8,
  19:13.
computed 18:19.
conceal 8:16, 26:20,
  27:12, 27:19,
  29:2, 29:21.
concerning 31:6.
concluded. 35:8.
conclusion 10:24,
  32:4.
conditions 15:13,
  15:16.
conduct 4:20, 5:10,
  5:11, 26:7,
  27:13.
conducted 28:4,
  28:24, 32:10.
conducting 26:14,
  30:22.
confederate 5:9.
confer 9:8.
Conference 31:4,
  31:6.
consequence 15:23.
consequences 17:2,
  33:10.
consider 9:3,
  14:1.
considering 17:6,
  17:8, 19:17.
consisting 5:13.
conspiracy 3:25,
  5:21, 6:3, 24:12,
  27:4, 31:19,
  33:4.
conspirators 5:21.
conspire 5:9.
constituted 25:15.
consulting 17:5.

contained 6:22,
  6:25, 7:2.
containing 8:3, 8:5,
  33:12.
contend 4:5.
content 30:25.
contents 31:12.
context 11:22.
convenient 34:15.
convicted 20:8,
  21:17, 23:13,
  23:25, 24:17,
  32:11.
conviction 16:12,
  16:22, 20:10,
  20:18, 23:13,
  32:12.
cooperating. 31:7.
coordination
  29:21.
copy 3:13, 3:22.
correct 7:16, 34:12,
  35:11.
correctly 12:21,
  13:2.
cost 22:3.
Counsel 11:22,
  35:6.
Count 2:20, 3:18,
  3:19, 4:2, 5:19,
  5:25, 12:10,
  24:17, 33:3.
counts 12:12.
course 4:8, 5:1.
courtroom 21:10.
covers 25:14.
create 29:25.
credit 15:19.
crime 17:23.
Criminal 1:9, 2:6,
  4:3, 4:6, 5:22,
  18:3, 18:9, 18:11,
  18:24, 19:12,
  24:12, 27:13,
  30:23.
critical 21:21.
cross-examine
  22:15.
currently 9:23,
  16:7.

custody 35:5.
.
.
< D >.
date 4:24, 5:1,
  34:13, 34:20.
dates 34:21.
day 7:13, 28:20,
  30:12.
deadlines 34:21.
deal 13:13, 20:20.
deals 13:7.
declare 27:21.
decline 23:4,
  23:5.
defendants 4:19,
  5:3.
defense 11:21,
  23:9.
defined 4:14,
  25:16.
defraud 30:17.
defrauding 26:22.
degree 29:20.
Department 4:5, 4:9,
  19:10, 25:13.
departments 4:10.
departures 17:7,
  19:17, 19:22.
deprive 14:14.
Derek 1:26.
describe 5:19.
described 8:8, 27:3,
  27:4.
describing 4:2,
  23:20.
description 4:12.
detail 5:20,
  32:13.
detailed 8:25.
detailing 6:1.
detained 28:24,
  28:25, 34:6.
Detaining 26:11.
Detective 4:14.
Detectives 6:14,
  7:23, 8:17,
  8:19.
detention 34:8.
determine 19:5,

30:25.
determined 17:4.
different 5:21,
  19:25.
Direct 17:13,
  31:10.
directed 34:23.
Directing 10:25,
  29:19.
direction 29:13,
  30:4, 30:6.
directly 5:11.
disclose 27:24.
discuss 11:25,
  12:19.
discussed 10:5.
dismiss 12:11.
District 1:1, 1:2,
  5:2, 24:5,
  31:10.
Division 25:20.
document 17:14,
  24:21, 24:23.
documents 26:20,
  27:12.
doing 22:9, 32:5.
dollars 8:14.
Dominican 7:18.
doubt 21:16,
  24:16.
down 4:22, 18:24,
  18:25.
downstairs 6:22.
downward 18:5.
drug 9:21, 9:24.
During 22:12, 22:25,
  23:5, 27:8,
  33:22.
.
.
< E >.
E. 1:26.
effect 34:8.
effective 10:16.
either 19:20.
elected 23:9.
element 4:6.
elements 23:23,
  24:14, 24:15,
  33:13.

elsewhere 5:3.
employed 5:5, 17:21,
  24:10.
employers 16:23.
end 27:22.
enforcement 8:12.
engaged 5:6, 25:17,
  29:12.
enhancement 17:18.
enrich 26:7.
enriching 4:19.
enter 23:16.
entered 2:18, 6:15,
  28:6, 28:16,
  28:17, 34:19.
entering 26:12,
  33:8.
enterprise 4:3, 4:4,
  4:6, 4:8, 5:5,
  5:12, 24:6, 24:8,
  24:10, 25:16,
  27:2.
entire 7:13, 13:6,
  29:8.
entitled 21:22.
Enzinna 1:31, 2:8,
  2:9, 2:14, 2:21,
  10:1, 10:21,
  11:20, 12:24,
  14:25, 16:16,
  18:8, 22:8, 34:10,
  34:13, 35:3.
Esquire 1:31.
essential 23:23,
  24:13, 33:12.
establishing
  34:21.
estimate 19:25.
everybody 17:25.
everyone 10:25.
everything 32:20.
excused 35:7.
execute 6:17,
  28:18.
exercise 32:2.
Exhibit 10:24, 13:5,
  17:14, 24:22.
existed 24:6.
expected 4:10.
expecting 14:6.

explain 23:22.
extent 13:23.
extortion 4:20,
  5:17, 6:6, 6:10,
  8:16, 26:8.
.
.
< F >.
face 32:18.
facilitate 17:21,
  27:10.
facility 7:25.
fact 7:11, 7:15,
  8:2, 17:18, 17:20,
  22:7, 23:5, 23:8,
  26:20, 29:10,
  32:11, 33:12.
factors 17:8,
  19:19.
facts 19:8, 30:20.
factual 11:9, 24:20,
  25:9, 27:6.
failed 7:19,
  27:12.
faith 32:15.
faithfully 22:9.
false 6:8, 9:13,
  26:16, 26:18,
  26:23, 27:11,
  27:19, 29:6, 30:2,
  30:5, 30:15.
falsely 7:7, 9:11,
  29:7.
far 9:15.
FCRR 1:46, 35:10.
February 5:2.
Federal 1:47, 5:15,
  17:7, 17:11,
  18:17, 20:6, 20:9,
  30:23.
feel 3:16.
felony 14:12.
fifth 24:9.
figure 18:25.
file 33:21.
finally 5:24, 19:5,
  26:22.
finding 33:6.
fine 15:22.
firearm 14:19,

27:7.
firearms 25:22,
    25:23, 25:25.
First 5:14, 22:24,
    24:2, 31:23.
five-level 17:18.
Floor 1:48.
follow 16:13,
    31:15.
Following 26:11,
    28:5, 28:10.
Force 4:16, 13:16,
    22:20, 25:19.
foregoing 35:11.
foreign 5:7, 24:8.
Forfeiture 16:4.
formal 4:21.
forward 2:15.
found 28:19.
Fourth 24:7.
fraud 4:21, 5:15,
    6:9, 26:8.
fraudulent 26:18,
    26:23, 27:11,
    29:6, 30:2, 30:5,
    30:16.
free 14:9.
Friday 1:19.
front 3:22, 24:23.
full 3:4.
fully 10:5, 10:9,
    12:3, 33:8.
fundamental 32:18.
furtherance 6:3.
.
.
< G >.
gave 8:4, 28:11,
    28:20, 29:1,
    31:24.
general 10:6.
generally 12:14.
give 8:13, 9:4,
    20:18, 20:19.
given 10:12, 15:19,
    23:18.
Gondo 7:23, 8:8,
    8:12, 8:17, 8:19,
    28:14, 28:22.
Government 5:18,

10:23, 11:1,
    12:10, 13:4, 13:6,
    13:21, 17:14,
    17:15, 19:7,
    20:17, 21:8,
    21:14, 21:17,
    23:24, 24:14,
    24:22, 30:20,
    31:12, 34:7,
    34:23.
Graduated 9:16.
grams 7:2.
grand 4:7, 4:25,
    5:8, 6:1, 6:13,
    18:3.
great 15:17.
greater 17:22,
    19:21.
group 5:22.
GTTF 25:19, 25:21,
    26:1, 29:14,
    29:15, 29:22,
    29:24, 30:3, 30:7,
    30:8.
Guidelines 11:10,
    17:6, 17:7, 17:11,
    18:12, 18:18,
    18:19, 19:5, 19:9,
    19:14, 19:17,
    19:18, 19:22.
guilt 21:15.
Gun 4:15, 25:19,
    30:8.
.
.
< H >.
hand 18:23.
happened 22:7.
hear 22:13.
heard 18:14.
hearing 33:22.
held 23:6, 23:10.
Hendrix 6:14, 6:17,
    6:21, 6:24, 7:3,
    7:17, 7:19, 28:2,
    28:5, 28:6, 28:10,
    28:12, 28:14,
    28:18, 28:19,
    28:20, 28:23,
    28:25, 29:2,

29:4.
hereby 35:10.
herein 7:15.
heroin 7:2, 7:3.
Hersl 7:23, 8:2,
    8:17, 8:19,
    28:23.
hide 18:24.
high 9:16.
higher 23:14,
    32:12.
Hines 1:26.
History 18:9, 18:11,
    18:24, 19:13.
hold 14:15.
home 7:12.
Honor 2:4, 2:9,
    2:22, 10:20,
    10:22, 11:3,
    11:23, 12:23,
    12:25, 14:24,
    15:2, 16:5, 16:17,
    18:10, 22:6,
    25:11, 34:2, 34:9,
    34:12, 34:16,
    34:18, 35:2,
    35:4.
Honorable 1:18.
hours 7:15, 29:9,
    29:11, 29:17,
    29:24.
house 6:18, 28:11.
housing 14:17.
hundred 8:14.
.
.
< I >.
identification
    4:13.
identified 6:6,
    6:11, 28:4.
identify 25:22.
illegal 4:19, 4:20,
    25:23, 26:7,
    26:10.
illness 9:21.
illusion 29:25.
immediately 11:5.
Immigration 14:22.
impeding 18:2.

implications 32:20.
importantly 13:1, 24:11.
impose 14:4, 19:20, 31:14.
imposed 16:12, 19:25, 33:24.
imposition 16:9.
improve 26:4.
incarcerated 15:7.
incarceration 15:9, 16:10, 20:5.
incident 8:7, 8:18, 26:18, 27:11, 27:20, 29:3.
include 31:5.
included 26:6.
Including 4:13, 5:4, 11:7, 16:23, 17:25, 26:8, 28:9, 29:19.
increase 17:22, 17:25, 18:1.
independent 33:12.
indicate 9:6, 11:18.
indictable 5:13.
indictment 2:7, 2:16, 3:14, 4:5, 4:18, 5:1, 10:6, 12:14, 24:7, 27:3, 27:4.
indirectly 5:11.
individual 7:6, 7:11, 27:8, 29:7, 29:24, 30:5, 30:10, 30:14, 30:16.
individuals 5:3, 26:11, 26:22.
influence 9:23.
information 33:17.
informed 33:9.
initials 6:7, 6:11, 27:16, 28:5.
innocent 21:14.
inside 8:7.
instead 7:20, 31:23.

instructed 29:16, 29:18, 33:16.
intent 30:17.
intentionally 5:8.
interstate 5:6, 24:8, 25:18.
interviews 33:19.
Investigation 25:20, 25:24.
involved 17:24.
irrevocable 32:25.
.
.
< J >.
James K. Bredar 1:18.
Jenkins 6:14, 6:16, 6:17, 6:20, 6:24, 7:3, 7:10, 7:22, 8:2, 8:8, 8:14, 8:17, 8:19, 27:14, 27:23, 27:24, 28:2, 28:6, 28:7, 28:10, 28:11, 28:15, 28:17, 28:22, 29:13, 29:15.
JKB-17-106 1:9.
JKB-17-106 2:6.
joined 4:15, 25:12.
joining 29:15.
Jr 1:10, 3:6.
judge 2:18, 34:6.
judgment 32:4.
July 21st 1:19.
June 4:16, 26:1.
jurisdiction 25:14.
jury 4:7, 4:25, 5:8, 6:1, 6:13, 14:16, 21:5, 21:10, 21:11, 21:16, 24:16, 32:11.
justice 18:2, 27:13.
.
.
< K >.
keep 14:16.

keeps 32:25.
Kilpatrick 1:10, 2:5, 3:6, 4:14, 5:4, 25:12, 33:7.
kind 14:19.
knowing 33:11.
knowingly 5:8, 24:11, 27:3.
knowledge 27:22, 30:4, 30:6.
known 5:7.
.
.
< L >.
labeled 24:21.
language 4:21.
largest 25:14.
Later 9:12, 28:20, 29:1.
law 8:12, 17:8.
laws 32:13.
lawyer 10:7, 11:25, 12:4, 17:10, 17:15, 18:18, 18:22, 19:1, 20:1, 20:17, 21:7, 21:8, 22:14, 31:13, 32:14, 33:20, 33:23.
least 4:5, 4:25, 19:1, 24:5.
leave 7:25, 8:6, 18:6.
left 6:16, 7:2, 18:24, 21:11, 28:17.
legal 10:9, 10:16.
legitimate 4:8, 26:6.
lengthy 4:1, 5:25.
Leo J. Wise 1:25.
lesser 19:21.
level 17:17, 18:6, 18:11.
levels 18:3, 18:24.
licenses 14:18.
life 4:10, 26:3, 26:5.

likely 17:11.
listed 27:5.
listen 9:5, 31:24.
listening 32:3.
little 8:9, 18:22.
loans 14:17.
local 5:18.
location 28:10.
Lombard 1:48.
lose 14:19.
loss 17:22.
lot 7:25.
.
.
< M >.
M.M. 7:5.
ma'am 3:3.
magistrate 2:18,
    34:6.
mandatory 7:8.
March 2:18.
marked 10:23.
Marshal 35:6.
Martin 1:35.
Maryland 1:2, 1:20,
    1:49, 5:2, 5:16,
    5:17, 7:12, 24:5,
    25:14, 26:23,
    30:18.
matter 35:12.
matters 34:25.
Maurice 1:10, 2:5,
    2:9, 2:11, 3:6,
    4:14, 5:4, 25:12,
    33:7.
Maximum 15:3, 15:8,
    15:22.
meaning 8:11.
means 5:20, 26:9.
medication 9:24.
member 24:12,
    27:3.
members 6:2, 21:9,
    29:23, 30:3,
    30:8.
men 28:9.
mental 9:21.
methods 5:20,
    26:9.
microphone 3:8.

Middle 7:12.
mind 10:1.
minutes 31:18.
misconduct 24:3,
    24:4.
mission 25:21.
moment 9:7.
money 6:18, 6:19,
    8:20, 26:11,
    26:13, 26:15,
    26:17, 26:21,
    27:25, 28:12,
    29:5.
months 18:13.
morning 34:14.
move 2:15, 12:11.
MR. ENZINNA 2:9,
    2:22, 3:23, 10:4,
    10:22, 11:23,
    12:25, 15:2,
    16:17, 18:10,
    22:6, 34:12,
    34:16, 35:4.
MR. WISE 2:4, 6:5,
    11:3, 12:23,
    14:24, 16:5,
    25:11, 34:2, 34:9,
    34:18, 35:2.
multi-count 2:16.
multiple 5:13.
.
.
< N >.
name 3:4.
named 5:3.
naming 12:12.
narcotics 26:12,
    26:13, 26:15,
    26:18, 26:21.
nature 33:9.
necessary 14:22,
    29:21, 29:23,
    30:13, 34:24.
need 3:7, 9:6, 9:7,
    32:25.
needed 31:23.
needs 26:3.
neighborhoods
    26:4.
Next 6:20, 17:21,

    17:23.
Nikki 1:35.
No. 1:9, 7:6, 7:17,
    10:24, 13:5,
    17:14, 24:22.
NORTHERN 1:2.
nothing 8:11.
notice 16:22.
number 2:6, 9:3.
numbers 18:14.
.
.
< O >.
o'clock 34:14.
O. 28:5, 28:12.
O.S. 28:6.
oath 9:11.
objections 33:21.
objectives 5:22.
obstruct 27:13.
obstructing 18:1.
obtain 14:16, 14:18,
    26:16, 26:24.
Obviously 34:22.
occasions 30:11.
occupants 26:14,
    26:16.
occurred 24:3, 24:4,
    30:11.
offense 14:11,
    14:12, 14:13,
    15:4, 16:2, 16:8,
    17:17, 17:21,
    18:3, 18:6, 18:11,
    18:23, 20:9, 21:1,
    23:23, 24:14,
    27:10, 33:13,
    33:14, 33:25.
offenses 17:19,
    25:25.
office 14:15, 31:10,
    33:16, 33:17.
officer 29:14,
    33:19.
officers 5:18, 6:15,
    6:22, 7:24, 27:15,
    28:3, 28:16,
    28:24.
Official 1:47,
    26:18, 27:11,

35:16.
old 3:11.
one 22:2, 24:15,
  30:13, 30:15.
one-point 17:22.
opened 28:8.
operate 4:9.
Operational 25:20.
opinion 19:2.
opportunity 11:24,
  19:7, 31:13,
  34:4.
order 13:17, 16:1,
  16:22, 23:24,
  25:22, 26:7,
  26:17, 26:24,
  27:12, 29:21,
  30:25, 31:3, 34:8,
  34:11, 34:20,
  34:24.
ordered 15:6, 15:7,
  34:5.
Ordinarily 20:8.
originally 16:11.
others 26:10,
  27:6.
otherwise 12:13,
  27:13, 31:3.
outside 7:12.
overbilling 29:22.
Overt 5:25, 6:4,
  6:5, 6:7, 6:8,
  6:9, 6:12, 6:20,
  6:24, 7:6, 7:17,
  8:7, 8:16.
overtime 6:7, 7:7,
  7:9, 7:11, 7:15,
  26:24, 29:7,
  29:10, 29:11,
  29:18, 29:20,
  29:22, 29:24,
  30:2, 30:5, 30:10,
  30:14, 30:16.
own 14:8, 22:18,
  32:3, 32:4.
owners 26:13.
.
.
< P >.
p.m. 7:9, 7:10,

7:21.
Page 4:7, 4:12,
  4:18, 4:22, 5:24,
  10:25, 11:4,
  17:13.
paid 7:20.
paragraph 4:14,
  11:5.
paragraphs 4:2,
  6:1.
parking 7:25.
parole 16:7, 16:11,
  20:3, 20:5,
  20:6.
part 11:8, 11:11,
  12:19, 15:7,
  20:20, 24:5.
participate 5:11.
participated 27:5,
  30:9.
particular 3:18.
parties 13:24,
  16:23, 17:23.
party 13:20.
pattern 5:12.
Paul 1:31, 2:9.
pause 9:7.
pay 15:22, 16:1,
  16:18, 22:9,
  29:10.
payments 26:25.
penalties 32:7.
penalty 15:3.
pending 35:6.
people 4:11,
  16:24.
perjury 9:13.
permits 14:18.
permitted 17:7,
  22:14, 22:20,
  33:20.
permitting 14:2.
persist 21:2.
person 20:8.
persons 5:4, 5:7.
persuade 13:17.
physical 17:20.
physically 27:9.
pick 3:8.
Plaintiff 1:7,

1:23.
plead 3:20, 8:24,
  12:9, 13:12,
  13:17, 14:12,
  14:20, 20:23,
  21:1, 31:18,
  31:20, 32:9,
  32:19, 32:24,
  33:3.
pleading 14:8,
  16:9.
pleas 2:18.
Please 2:2, 2:25,
  3:4, 9:4, 11:4,
  24:21.
pled 21:4.
podium 2:15.
Police 4:4, 4:9,
  6:15, 7:24, 25:13,
  27:15, 28:3,
  28:15, 28:23.
policy 31:4.
portion 28:12,
  28:21, 31:1.
position 17:24,
  34:7.
possess 14:18.
possession 25:23.
possible 15:3, 17:1,
  17:6.
potential 16:23.
practice 30:7.
practices 29:12.
precedes 11:5.
prepare 8:18, 29:3,
  31:10, 34:24.
prepared 33:15.
prepares 33:18.
preparing 26:18.
Present 1:35, 22:18,
  22:24, 23:9,
  33:18, 34:1, 34:3,
  34:23.
presentence 19:6,
  31:11, 33:15,
  33:21.
preserve 4:10,
  26:2.
presumed 21:14.
previously 34:5.

primary 25:21.
prior 18:8, 29:15.
prison 15:4, 15:17,
  15:18.
probable 29:3.
Probation 1:35,
  16:7, 16:10, 19:9,
  31:10, 33:16,
  33:17, 33:19.
Procedure 30:23,
  31:15.
proceed 10:2.
proceeding 31:5.
Proceedings 1:17,
  10:25, 21:21,
  30:22, 31:2, 35:8,
  35:12.
proceeds 30:24.
process 34:22.
productively
  34:25.
proffer 25:9.
prohibiting 5:15,
  5:16, 5:17.
promises 13:7,
  13:10.
property 4:11, 26:3,
  26:12, 26:13,
  26:15, 26:17,
  26:19, 26:21,
  28:8.
propose 34:13.
proposed 19:9.
proposing 14:11.
prosecute 12:13.
prosecution 9:12,
  25:25.
protect 4:10, 4:11,
  26:2, 26:3.
prove 21:15, 23:24,
  24:2, 24:4, 24:6,
  24:7, 24:9, 24:11,
  24:15, 30:20.
provide 16:22,
  33:16.
provided 20:1.
provisions 5:16.
public 14:15,
  14:17.
purchasing 25:23.

purpose 4:7, 4:8,
  26:2, 32:2.
purposes 4:18, 26:5,
  26:6, 26:10.
pursued 26:10.
.
.
< Q >.
quality 26:4.
quantity 28:19.
question 10:1,
  22:14.
questions 9:3, 9:4,
  9:11, 31:24,
  32:16.
Quote 7:8, 7:14,
  7:16, 8:11, 8:13,
  8:14, 27:21,
  27:23.
.
.
< R >.
racketeering 3:25,
  5:12, 31:19,
  33:4.
range 18:13, 19:1,
  19:5.
Rayam 7:23, 8:2,
  8:4, 8:8, 8:12,
  8:17, 8:19,
  28:23.
re-arraignment
  2:7.
reach 32:3.
Read 4:22, 11:4,
  11:6, 11:25, 25:2,
  33:20.
reads 4:24.
ready 32:17.
really 32:5.
reasonable 21:15,
  24:15.
receive 18:4.
received 3:13,
  10:10, 10:24,
  28:13, 29:10.
recently 9:20.
recess 35:7.
recommendations
  12:16, 13:25,

14:1.
reconsideration
  34:11.
record 31:2,
  35:12.
records 26:24.
recovered 25:22.
refer 31:9.
referred 12:14.
referring 8:9, 8:13,
  27:16.
reflect 17:18,
  17:20, 17:22,
  18:5.
regarding 8:18,
  29:4.
regardless 30:8.
regular 29:17,
  34:19.
regularly 29:8.
reject 14:1.
relate 6:5, 6:10.
related 25:25.
relates 6:7, 6:8.
relation 12:13,
  32:7.
relationship
  32:14.
release 15:8, 15:12,
  15:16, 15:18,
  16:7, 16:11.
released 15:9,
  20:5.
relevant 34:21.
remain 31:2, 34:8.
remained 6:17, 6:23,
  28:18.
remanded 35:5.
report 7:7, 7:11,
  7:14, 8:18, 19:6,
  27:20, 27:23,
  29:3, 30:14,
  31:11, 31:12,
  31:14, 33:15,
  33:18, 33:21.
reported 7:15,
  19:8.
Reporter 1:47,
  35:16.
reports 26:19,

27:11, 29:7,
29:24, 30:2, 30:5,
30:10, 30:16.
represent 21:23,
22:2, 22:8.
representation
10:10, 11:12.
Republic 7:18.
request 7:19,
34:11.
requests 33:17.
required 15:13,
15:22, 20:23,
21:15, 34:22.
reserved 12:16.
residence 6:15,
28:6, 28:16.
residences 26:12,
26:14.
respond 9:5,
31:13.
response 9:4.
responsibility
18:6.
restitution 16:1.
restrained 27:9.
restraint 17:20.
result 16:12.
retained 22:5.
return 15:18.
returned 2:16, 3:14,
15:17.
review 3:18.
reviewed 11:7, 11:9,
12:3, 31:11.
rights 14:14, 14:20,
23:19, 32:6.
River 7:12.
robberies 27:5,
27:8, 27:9.
robbery 4:20, 5:16,
6:6, 6:10, 8:16,
26:8, 27:19,
29:2.
role 32:10.
room 6:23.
routinely 29:6,
29:19.
RPR 1:46, 35:10.
Rule 30:22.

Rules 30:23.
.
.
< S >.
S.S. 8:3, 8:10.
safe 28:8.
salary 26:24.
sanction 16:12.
satisfaction 21:16,
24:16.
satisfied 10:9,
11:11, 24:20,
32:16.
scene 8:7.
scheme 4:4, 5:15.
schemes 5:14.
school 9:15, 9:16.
seal 12:20.
sealed 11:7, 12:18,
12:19, 13:5,
13:11, 30:25,
31:1, 31:2.
search 6:17, 8:1,
26:17, 28:10,
28:18.
searched 27:18.
searching 28:19.
seated 2:2, 21:10.
Second 5:15, 24:4,
32:23.
Section 4:1, 5:9,
5:25, 17:10,
19:18, 25:16.
Seen 24:25.
segment 30:24.
seized 26:19, 27:24,
28:8.
selecting 21:8.
Sent 6:22.
sentence 14:5, 15:7,
17:4, 19:20,
19:24, 20:13,
20:19, 31:14,
33:24.
sentenced 20:4.
Sentencing 12:11,
12:16, 12:18,
13:25, 17:5, 17:8,
17:11, 18:18,
19:14, 19:17,

19:21, 31:5,
32:13, 33:22,
34:4, 34:13,
34:19, 34:20,
34:22, 34:23,
35:6.
separately 12:20.
Sergeant 6:13, 7:22,
8:17, 8:19,
29:13.
series 31:24.
serve 4:11, 14:16,
15:8, 21:11,
26:3.
served 29:15.
service 27:7.
set 4:22, 5:14,
17:9, 19:19.
sets 13:5.
setting 34:20.
seven 5:3.
severe 14:5.
shall 31:2, 33:23.
shift 7:8, 7:20,
29:8, 29:17.
shoe 6:21, 6:25,
7:4.
showed 6:21.
shows 18:23.
sides 12:15, 18:3.
sign 11:1, 11:17,
11:20.
signature 11:5,
27:20.
signed 7:13, 12:1,
17:15, 20:16.
significant 5:20.
Similarly 34:3.
single 25:2.
sixth 24:10.
sock 8:3, 8:5.
somebody 13:16.
special 16:19.
specialized 25:19.
specific 6:2.
Specifically 5:22,
11:9, 29:23.
specified 19:21.
stage 21:21.
standard 11:21.

started 31:17,
    32:17.
state 3:4, 5:16,
    5:17, 5:18, 24:5,
    25:13, 26:22,
    30:17.
statement 9:13,
    11:13, 11:18,
    11:21, 27:6,
    27:23, 29:3.
statements 27:22.
States 1:1, 1:5,
    2:5, 4:1, 5:10,
    17:5, 17:9, 19:18,
    25:16, 33:7,
    35:6.
status 14:22.
statutory 5:14.
staying 6:16,
    28:16.
steal 26:17.
stealing 8:10,
    26:11, 26:13,
    26:15.
stenographic
    35:11.
stipulations
    11:10.
stole 6:24, 7:1,
    7:4, 7:5, 26:21,
    27:17, 28:1, 28:7,
    28:20, 28:21,
    28:25, 29:5.
stolen 8:15, 8:20,
    28:12.
stop 28:4, 28:24,
    29:4.
stopped 7:24.
stops 26:14.
storage 7:25, 8:1,
    8:3.
Street 1:48, 15:19,
    27:17.
student 14:17.
subject 15:12, 16:9,
    18:1.
submission 6:8.
submit 7:3, 7:5,
    8:20, 27:25, 29:4,
    29:24, 30:10,

30:14.
submitted 7:6,
    20:16, 29:6, 30:1,
    30:5.
submitting 26:23,
    30:15.
subpoena 22:20.
subset 30:7.
suggest 17:17.
summarized 12:21,
    13:2.
supervised 15:8,
    15:12, 15:16,
    15:18, 16:7,
    16:11.
supervision 15:12.
supplement 11:7,
    12:18, 12:20,
    13:5, 13:12,
    31:1.
supported 33:11.
suppress 25:22.
SWAT 6:16, 28:17.
swear 2:25.
swearing 26:16.
sworn. 3:2.
system 20:6.
.
.
< T >.
T. 1:46, 35:15.
Talked 17:10,
    32:12.
Task 4:16, 25:19.
taxed 8:9.
Taylor 7:17, 7:19,
    7:23, 8:1, 8:17,
    8:20, 27:15,
    27:17, 27:25,
    28:3, 28:6, 28:7,
    28:10, 28:11,
    28:12.
team 6:16, 28:17.
tells 4:7, 4:18.
term 12:4, 15:8,
    15:17, 15:18,
    20:4.
terms 11:2, 12:8,
    13:24, 15:16,
    20:15.

testify 22:25, 23:4,
    23:5.
testifying 22:15.
testimony 22:18,
    22:24.
themselves 4:20,
    26:7.
thereunder 19:22.
they'll 34:4.
Third 5:17, 16:23,
    24:5.
threats 13:15.
three 5:14, 15:9.
three-level 18:5.
Title 5:10, 17:9,
    25:16.
titled 5:25.
today 2:19, 3:20,
    9:18, 10:3, 32:5,
    32:18, 34:25.
together 3:24, 5:7,
    13:5, 17:16,
    20:16.
took 6:20, 8:3,
    8:4.
top 18:25.
total 18:3.
Trace 25:19.
tracing 25:21.
tracking 25:21.
traffic 26:14, 28:4,
    28:24, 29:4.
trafficking 25:23.
Transcript 1:17,
    30:24, 35:11.
treated 9:20.
trial 21:5, 21:13,
    21:20, 22:12,
    23:1, 23:5, 23:9,
    23:13, 23:18,
    23:19, 23:20,
    30:19, 32:10.
trouble 9:17.
true 11:15, 20:20,
    22:10, 25:7,
    27:22.
trust 17:24,
    32:15.
truth 29:10.
try 13:12, 13:17.

turn 24:21.
turning 6:12.
two 28:8.
two-level 17:19,
  17:24, 18:1.
.
.
< U >.
U.S. 1:35, 15:1,
  31:9.
ultimately 19:25.
unanimous 21:16,
  24:16.
understanding 2:19,
  2:21, 9:17.
understood 32:5,
  32:6, 32:8.
unit 8:2, 8:3, 8:4,
  25:20, 29:14,
  30:1.
United 1:1, 1:5,
  2:5, 4:1, 5:10,
  17:5, 17:9, 19:18,
  25:16, 33:7,
  35:6.
unknown 4:24, 5:7.
unlawfully 5:8.
until 19:6, 31:3.
upstairs 6:19,
  6:21.
upward 17:18,
  17:20.
.
.
< V >.
vacation 7:18,
  7:20.
valuable 14:14.
valued 28:9.
various 4:19.
vehicle 8:8,
  26:16.
vehicles 26:15.
verified 32:14.
versus 2:5, 33:7.
vicinity 7:11.
victim 6:6, 6:10,
  16:1, 27:16,
  28:4.
victims 16:23, 27:9,

33:25, 34:3.
violate 5:9,
  15:15.
violating 26:6.
violation 3:25,
  16:10.
violence 13:16.
voluntarily 11:8,
  22:19.
voluntary 33:11.
vote 14:15.
vs 1:8.
.
.
< W >.
W. 1:48.
waive 20:18,
  20:19.
waived 23:18.
wanted 31:18, 31:19,
  32:8.
warrant 6:17, 8:1,
  28:18.
warrants 26:17.
Wayne 8:13.
Whether 10:2, 30:9,
  31:6, 32:4, 32:5,
  32:19.
will 3:8, 9:7,
  10:23, 10:24,
  12:11, 12:12,
  13:25, 14:9,
  14:13, 15:7, 17:4,
  19:4, 19:13,
  19:19, 22:2,
  23:18, 31:9,
  31:14, 33:15,
  33:20.
willfully 24:12.
wire 5:15.
Wise 2:3, 6:4,
  10:19, 10:20,
  11:1, 12:22,
  14:23, 16:4, 25:9,
  33:25, 34:17,
  35:1.
wish 11:11, 34:1.
wishes 2:20.
withdraw 14:2.
within 25:20,

25:24.
without 14:1,
  34:6.
witnesses 22:13,
  22:15, 22:18,
  22:19.
word 4:22, 4:23,
  25:2.
work 27:1, 29:11,
  29:16, 32:13.
worked 7:8, 7:16,
  29:8, 29:9,
  29:20.
working 30:1,
  30:12.
wristwatch 28:9.
writ 34:24.
written 33:15.
.
.
< X >.
XX/XX/1980 3:10.
.
.
< Y >.
year 2:17.
years 15:4, 15:9.
yourself 22:25.
.
.
< Z >.
zealous 10:16.